mitted gambling to be carried on in the house, it would be an offense against the law."

It is clear our statutes make it an offense to play a game of cards at any place, or go into or remain at any place where such game is knowingly played, unless such game is played at a private residence and that that residence at the time the game is played is occupied by a family. It is not the private residence that protects the gaming from being unlawful, but it is the fact that that residence is at the time occupied by a family—not that some family makes it their residence, but for the time is away.

The uncontradicted evidence shows that the wife of Henry Cantrell, in whose residence the gaming occurred, had gone to her parents, and been there about two weeks, and that Cantrell himself was also at her parents', having gone there the day before. Neither of them, nor any other constituent of the family, were occupying the residence at the time of the gaming. These young men who were gaming there got permission from Cantrell to play dominoes—not to gamble with cards—while he and his family were not occupying their residence. The length of time they were not occupying it is not decisive. They did not have to be away from, and out of, and not occupying, their residence for a year, nor a month; just so they were distinctly not occupying it at the time is all that was necessary.

Our statute makes it an offense for any person to keep a bawdyhouse in any house owned, occupied, or controlled by him. This court, in Flynn v. State, 35 Tex. Cr. R. 220, 32 S. W. 1041, and Willis v. State, 34 Tex. Cr. R. 149, 29 S. W. 787, under said statute, in effect held that, although one person owns the house, yet if another has possession, charge, or control of it for the time being, the latter is the keeper, etc. This court, through Judge Hurt, in Stokeley v. State, 37 Tex. Cr. R. 638, 40 S. W. 971, expressly held that where a man, in the absence of his wife, permitted one woman for less than half of one night to occupy his residence and have sexual intercourse with men, made the residence a bawdyhouse, and he was guilty of keeping it as such house.

As stated above, these young men got possession of Cantrell's residence, while unoccupied by him and his family, under the pretext to play the innocent and lawful game of dominoes; but as soon as they got into it they at once converted it into a gambling house. This residence was not "occupied by a family," in contemplation of our statute, under the facts and circumstances established in this case, so as to exempt appellant from conviction. Therefore the judgment will be affirmed.

---

ALEXANDER v. STATE. (No. 3243.)

(Court of Criminal Appeals of Texas. Oct. 21, 1914.)

Appeal from Hall County Court; John D. Bird, Judge.

Jim Alexander was convicted of an offense, and he appeals. Affirmed.

Moss & Leak, of Memphis, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. This is a companion case to that of Harley Sloan v. State, 170 S. W. 156, this day decided. The record is an exact copy of the record in that case, with the exception that appellant's name appears where Sloan's appears in that record. The cases were jointly tried, under an agreement that a separate verdict should be entered against each.

For the reasons stated in that opinion, the judgment herein is affirmed.

---

FARLEY v. STATE. (No. 3244.)

(Court of Criminal Appeals of Texas. Oct. 21, 1914.)

Appeal from Hall County Court; John D. Bird, Judge.

Jess Farley was convicted of an offense, and he appeals. Affirmed.

Moss & Leak, of Memphis, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. This is a companion case to that of Harley Sloan v. State, 170 S. W. 156, decided at this term of the court. The other four defendants were tried jointly, while this defendant had a trial separate from the others. The evidence is in substance the same, only in this case appellant, Sloan, McCanne, and Alexander testified on this trial, and all denied that any one played cards at the residence of Cantrell that night. The testimony of Sheriff King and Mr. Lindsey is also fuller in regard to the statements made to them by Jess Farley; it being in substance an admission by Farley that all of them played, except Sloan and McCanne.

All the questions raised in this case were passed on in the Sloan Case, and on the authority of that case the judgment is affirmed.

---

McCANNE v. STATE. (No. 3242.)

(Court of Criminal Appeals of Texas. Oct. 21, 1914.)

Appeal from Hall County Court; John D. Bird, Judge.

Scott McCanne was convicted of an offense, and he appeals. Affirmed.

Moss & Leak, of Memphis, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. This is a companion case to that of Harley Sloan v. State, 170 S. W. 156, decided at this term. The record is an exact copy of the record in that case, with the exception that appellant's name appears where Sloan's appears in that record. The cases were jointly tried, under an agreement that a separate verdict should be entered against each.

For the reasons stated in the Sloan Case, the judgment is affirmed.